# Supreme Court of Florida

_____

No. SC14-2507
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2014-08.**

[October 8, 2015]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing standard criminal

jury instructions: 7.9 (Vehicular or Vessel Homicide); 11.10(f) (Lewd or

Lascivious Exhibition Over Computer Service); 11.10(g) (Lewd or Lascivious

Exhibition by a Detainee in the Presence of an Employee of a Facility); 13.1

(Burglary); 14.9 (Exploitation of [an Elderly Person] [a Disabled Adult]); 20.15

(Fraudulent Use of Personal Identification Information of a Minor); 20.16

(Fraudulent Use of Personal Identification Information of a Minor by a Parent or

Guardian); 22.5 (Setting Up, Promoting, Conducting a Lottery); 22.6 (Disposing of

Money, Property by Lottery); 22.7 (Conducting a Lottery Drawing); 22.8

(Assisting in Lottery); 22.9 (Selling Lottery Tickets); 22.10 (Possessing a Lottery

Ticket); 22.11 (Possessing Rundown Sheets, Etc.); 23.8 (Selling a Minor into

Prostitution by a [Parent] [Legal Guardian] [Person with Control of the Minor]);

29.24 (Human Trafficking); and 29.25 (Human Trafficking by a [Parent] [Legal

Guardian] [Person with Control] of a Minor).  The Committee also proposes the

following new jury instruction:  20.21 (Fraudulent Use of Personal Identification

Information of a [Disabled Adult] [Public Servant] [Veteran] [First Responder]

[State Employee] [Federal Employee]).  The Committee published its proposals in

The Florida Bar News.  Four comments were received by the Committee.  The

Court did not publish the proposals after they were filed.

Having considered the Committee's report, the comments submitted to the

Committee, and the Committee's response to the Court's request for additional

information, we amend the standard jury instructions as proposed by the

Committee, with one modification discussed below, and authorize them for

publication and use.

Section 782.071, Florida Statutes (2014), defines the offense of Vehicular

Homicide, while section 782.072, Florida Statutes (2014), defines the offense of

Vessel Homicide.  Element 1 of instruction 7.9 differentiates between the two

offenses consistent with the applicable statute. Because Vessel Homicide does not specifically provide for a separate offense for death of an unborn child, section 775.021(5),[1] newly enacted during the 2014 legislative session, see ch. 2014-194, § 2, Laws of Fla., operates to include death of an unborn child as part of the offense of Vessel Homicide. Vehicular Homicide, on the other hand, includes death of an unborn child by any injury to the mother as part of the offense. Death of an unborn child is therefore applicable to both Vessel Homicide and Vehicular Homicide, and the italicized note in instruction 7.9 to the contrary is deleted.

We also note the following more significant changes to the jury instructions as amended. First, regarding the lottery instructions, i.e., 22.5, 22.6, 22.7, 22.8, 22.9, 22.10, and 22.11, a citation to the case that sets out the three elements defining "lottery," Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939), is added. In addition, the definition of "lottery" is simplified to only include the three elements already set out in the instructions. Also defined are the term and phrases

---

1. Section 775.021(5) provides as follows:

> Whoever commits an act that violates a provision of this code or commits a criminal offense defined by another statute and thereby causes the death of, or bodily injury to, an unborn child commits a separate offense if the provision or statute does not otherwise specifically provide a separate offense for such death or injury to an unborn child.

§ 775.021(5), Fla. Stat. (2014).

"bet," "thing ventured," and "prize by lot or chance." The portion of the definition defining "lottery" as follows is deleted: "is a game of chance in which smaller sums of money or things of smaller value are risked for the chance of getting money or property of greater value upon the happening of an uncertain event." Next, instruction 23.8 (Selling a Minor into Prostitution by a [Parent] [Legal Guardian] [Person with Control of the Minor]) is removed. Finally, regarding the human trafficking instruction, 29.24, "use of coercion" is moved from the definition section to element two of the offense, where "use of coercion" is applicable to establishing the offense of "human trafficking."

The new and amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[2] New language is indicated by underscoring, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties

---

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

- 4 -

that any comments associated with the instructions reflect only the opinion of the

Committee and are not necessarily indicative of the views of this Court as to their

correctness or applicability.  The instructions as set forth in the appendix shall be

effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida; and Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 7.9 VEHICULAR OR VESSEL HOMICIDE
§ 782.071 or § 782.072, Fla. Stat.

**To prove the crime of [Vehicular] [Vessel] Homicide, the State** ~~must prove more than a failure to use ordinary care, and~~ **must prove the following three elements beyond a reasonable doubt:**

*Give 1a, 1b, or 1c as applicable. Element 1a applies to either Vehicular Homicide or Vessel Homicide. Element 1b applies to Vehicular Homicide only. Element 1c applies to Vessel Homicide only. See § 775.021(5), Fla. Stat.*

1.    <u>**a.**</u> (Victim) **is dead.**

   <u>**b. An unborn child is dead by injury to the mother.**</u>

   <u>**c. An unborn child is dead.**</u>

2.    **The death was caused by the operation of a [motor vehicle] [vessel] by** (defendant).

3.    (Defendant) **operated the [motor vehicle] [vessel] in a reckless manner likely to cause the death of or great bodily harm to another person.**

~~An intent by the defendant to harm or injure the victim or any other person is not an element to be proved by the State.~~ <u>**The State does not have to prove the defendant intended to harm or injure anyone. However, the reckless operation of a [motor vehicle] [vessel] requires the State to prove more than a failure to use ordinary care. A "reckless manner" means in willful or wanton disregard for the safety of persons or property.**</u>

*Enhanced penalty. § 782.071(1)(b) or § 782.072(2), Fla. Stat. Give if applicable.*

**If you find the defendant guilty of [~~v~~<u>V</u>ehicular] [~~v~~<u>V</u>essel] ~~h~~<u>H</u>omicide, you must then determine whether the State has further proved beyond a reasonable doubt that:**

1.      **At the time of the accident,** (defendant) **knew, or should have known, that the accident occurred; and**

2.      (Defendant) **failed to give information and render aid as required by law.** *(Read applicable portion of § 316.062, Fla. Stat., as charged in information or indictment.)*

**However, the State is not required to prove** (defendant) **knew that the accident resulted in injury or death.**

*Definitions.*
<u>*Give if applicable.*</u> *§ 782.071(2), Fla. Stat.* ~~*Applicable only to Vehicular Homicide.*~~
~~**"Victim" includes a human being or a viable fetus which is killed as a result of any injury to the mother. A fetus is viable when it becomes capable of meaningful life outside the womb through standard medical measures.**~~ <u>**An "unborn child" means a member of the species homo sapiens, at any stage of development, who is carried in the womb.**</u>

*§ 327.02(39) Fla. Stat. Applicable only to Vessel Homicide.*
**"Vessel" is synonymous with boat and includes every description of watercraft, barge, and airboat, other than a seaplane on the water, used or capable of being used as a means of transportation on water.**

### Lesser Included Offenses

| VEHICULAR OR VESSEL HOMICIDE – 782.071 or 782.072 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Reckless driving | | 316.192 | 28.5 |
| Reckless ~~or careless~~ operation of vessel | | 327.33 | |
| | Culpable negligence | 784.05(2) | 8.9 |
| | Culpable negligence | 784.05(1) | 8.9 |

### Comments

Culpable negligence is a Category Two lesser included offense of both vehicular and vessel homicide.

This instruction was adopted in 1981 and amended in 1989, 2006 [946 So. 2d 1061], ~~and~~ 2008 [994 So. 2d 1038], and 2015.

**11.10(f) LEWD OR LASCIVIOUS EXHIBITION
OVER COMPUTER SERVICE**
§ 847.0135(5), Fla. Stat.

**To prove the crime of Lewd or Lascivious Exhibition over a Computer Online Service, the State must prove the following four elements beyond a reasonable doubt:**

*Give 1a, 1b, and/or 1c as applicable.*
1.    a.    [(Defendant) **intentionally masturbated].**

     b.    [(Defendant) **intentionally exposed [his] [her] genitals in a lewd or lascivious manner].**

     c.    [(Defendant) **committed [a sexual act] [sadomasochistic abuse] [sexual bestiality] [simulation of any act involving sexual activity] that did not involve actual physical or sexual contact with** (victim)**].**

2.    **The act was committed live over a [computer on-line service] [internet service] [local bulletin board service].**

3.    <u>**At the time of the offense,**</u> (~~V~~<u>v</u>ictim) **was under the age of 16 years**

     **or**

     (Defendant) **[knew] [should have known] [had reason to believe] that the transmission was viewed on a computer or television monitor by a victim in this state who was under the age of 16 years** <u>**at the time of the offense.**</u>

*Give 4a or 4b as applicable.*
4.    a.    (Defendant) **was 18 years of age or older at the time of the offense.**

     b.    (Defendant) **was less than 18 years of age at the time of the offense.**

*Definitions.*
The words "lewd" and "lascivious" mean the same thing: ~~and mean~~ a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.

*§800.04(1)(a), Fla. Stat.*
"Sexual activity" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual activity does not include an act done for a bona fide medical purpose.

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**The definition of "an object" includes a finger.**

*§847.001(13), Fla. Stat.*
"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm on another or receiving such harm oneself.

*§847.001(15), Fla. Stat.*
"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.

*§ 800.04(2), Fla. Stat.*
**Neither** (victim's) **lack of chastity nor** (victim's) **consent is a defense to the crime charged.**

*§ 800.04(3), Fla. Stat.*
**The defendant's ignorance of the** (victim's) **age,** (victim's) **misrepresentation of [his] [her] age, or the defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged.**

**The fact that an undercover operative or law enforcement officer was involved in the detection and investigation of an offense is not a defense to the crime charged.**

| LEWD OR LASCIVIOUS EXHIBITION OVER COMPUTER SERVICE, DEFENDANT 18 YEARS OF AGE OR OLDER — 847.0135(5)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~ Lewd or Lascivious Exhibition over Computer Service, Defendant less than 18 years of age | | 847.0135(5)(c) | 11.10(f) |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2008 [998 So. 2d 1138] and amended in 2015. ~~For offenses occurring prior to October 1, 2008, refer to section 800.04(7)(b), Florida Statutes (2007).~~

**11.10(g) LEWD OR LASCIVIOUS EXHIBITION BY A DETAINEE IN THE PRESENCE OF AN EMPLOYEE OF A FACILITY**
§ 800.09, Fla. Stat.

**To prove the crime of Lewd or Lascivious Exhibition by a Detainee in the Presence of an Employee of a Facility, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was detained in a [state correctional institution] [private correctional facility].**

2. **While detained,** (defendant) **intentionally**

*Give as applicable.*
   a. **masturbated.**

   b. **exposed [his] [her] genitals in a lewd or lascivious manner.**

   **c.**   **committed [a sexual act] [sadomasochistic abuse] [sexual bestiality] [the simulation of any act involving sexual activity] that did not involve actual physical or sexual contact with a victim.**

  **3.**  (Defendant's) **act was intentionally committed in the presence of a person [he] [she] knew or reasonably should have known was an employee of the [institution] [facility].**

*Definitions. Give as applicable.*
*§ 944.02(8), Fla. Stat.*
**A "state correctional institution" is any prison, road camp, prison industry, prison forestry camp, or any prison camp or prison farm or other correctional facility, temporary or permanent, in which prisoners are housed, worked, or maintained, under the custody and jurisdiction of the Department of Corrections.**

*§ 944.710(3), Fla. Stat.*
**A "private correctional facility" is any facility, which is not operated by the Department of Corrections, for the incarceration of adults or juveniles who have been sentenced by a court and committed to the custody of the Department of Corrections.**

*§ 800.09(1)(a), Fla. Stat.*
**"Employee" means any person employed by or performing contractual services for a public or private entity operating a state correctional institution or a private correctional facility or any person employed by or performing contractual services for the corporation operating the prison industry enhancement programs [or the correctional work programs under part II of chapter 946]. [The term also includes any person who is a parole examiner with the Parole Commission.]**

**The words "lewd" and "lascivious" mean the same thing: a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.**

*§ 800.04(1)(a), Fla. Stat.*
**"Sexual activity" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of**

another by any other object; however, sexual activity does not include an act done for a bona fide medical purpose.

*Lakey v. State, 113 So. 3d 90 (Fla. 5th DCA 2013).*
**The definition of "an object" includes a finger.**

*§ 847.001(13), Fla. Stat.*
**"Sadomasochistic abuse" means flagellation or torture by or upon a person or animal, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction, or satisfaction brought about as a result of sadistic violence, from inflicting harm on another or receiving such harm oneself.**

*§ 847.001(15), Fla. Stat.*
**"Sexual bestiality" means any sexual act, actual or simulated, between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.**

*§ 800.04(1)(d), Fla. Stat.*
**"Victim" means a person upon whom the acts described above was committed or attempted or a person who has reported these acts to a law enforcement officer.**

*See State v. Werner, 609 So.2d 585 (Fla. 1992).*
**"In the presence of" means that a victim saw, heard, or otherwise sensed that the act was taking place.**

*§ 800.04(2), Fla. Stat.*
**Neither a victim's lack of chastity nor a victim's consent is a defense to the crime charged.**

## Lesser Included Offenses

| LEWD OR LASCIVIOUS EXHIBITION BY A DETAINEE IN THE PRESENCE OF AN EMPLOYEE OF A FACILITY—800.09 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |

| | Attempt | 777.04(1) | 5.1 |
|---|---|---|---|
| | Unnatural and lascivious act | 800.02 | 11.8 |

## Comment

This instruction was adopted in 2013 [131 So. 3d 720] and amended in 2015.

## 13.1 BURGLARY
§ 810.02, Fla. Stat.

*Give if the information or indictment charges entering with the intent to commit an offense:*
**To prove the crime of Burglary, the State must prove the following [two] [three] elements beyond a reasonable doubt:**

1.      (Defendant) **entered a [structure] [conveyance] owned by or in the possession of** (person alleged).

2.      **At the time of entering the [structure] [conveyance],** (defendant) **had the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] in that [structure] [conveyance].**

*The offense intended cannot be trespass or burglary.*

*Give element 3 only if defendant meets his or her burden of production that he or she had an invitation or license to enter, or that the premises were open to the public. See State v. Hicks, 421 So. 2d 510 (Fla. 1982), and State v. Waters, 436 So. 2d 66 (Fla. 1983).*

3.      **[(Defendant) was not [licensed] [invited] to enter the [structure] [conveyance].] [The premises were not open to the public at the time of the entering.]**

*Give if applicable.*
**If the [license] [invitation] to enter was obtained by** (defendant's) **trick or fraud or deceit, then the [license] [invitation] to enter was not valid.**

*Give if applicable.*

**If** (defendant) **entered premises that were open to the public, but then entered an area of the premises that [he] [she] knew or should have known was not open to the public,** (defendant) **committed a burglary if [he] [she] entered that non-public area with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] in that non-public area.**

*Give if applicable. § 810.07 Fla. Stat.*

**You may infer that** (defendant) **had the intent to commit a crime inside a [structure] [conveyance] if the [entering] [attempted entering] of the [structure] [conveyance] was done stealthily and without the consent of the owner or occupant.**

*Give if applicable.*

**The entry necessary need not be the whole body of the defendant. It is sufficient if the defendant, with the intent to commit a crime, extends any part of [his] [her] body into the [structure] [conveyance].**

*Give if the information or indictment charges remaining with the intent to commit an offense:*

**To prove the crime of Burglary, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **had permission or consent to enter a [structure] [conveyance] owned by or in the possession of** (person alleged).

2.  (Defendant)**, after entering the [structure] [conveyance], remained therein**

    *Give 2a, 2b, or 2c as applicable.*
    a.  **surreptitiously and with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] inside the [structure] [conveyance].**

    b.  **after permission to remain had been withdrawn and with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] inside the [structure] [conveyance].**

- 14 -

c. **with the intent to commit or attempt to commit a [forcible felony] [**(the forcible felony alleged)**] inside the [structure] [conveyance]**.

*The offense intended cannot be trespass or burglary. Forcible felonies are listed in § 776.08 Fla. Stat.*

*Proof of intent.*
**The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case.**

**Even though an unlawful [entering] [remaining in] a [structure] [conveyance] is proved, if the evidence does not establish that it was done with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass], the defendant must be found not guilty of burglary.**

*Proof of possession of stolen property.*
**Proof of possession by an accused of property recently stolen by means of a burglary, unless satisfactorily explained, may justify a conviction of burglary if the circumstances of the burglary and of the possession of the stolen property convince you beyond a reasonable doubt that the defendant committed the burglary.**

*Definitions; give as applicable.*
*§ 810.011(1), Fla. Stat.*
**"Structure" means any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure.**

*§ 810.011(3), Fla. Stat.*
**"Conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car; and to enter a conveyance includes taking apart any portion of the conveyance.**

*Burglary enhancements:*
*With an assault.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **assaulted any person. An assault is an**

intentional and unlawful threat, either by word or act, to do violence to another, at a time when the defendant appeared to have the ability to carry out the threat and [his] [her] act created a well-founded fear in the other person that the violence was about to take place.

*With a battery.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **battered any person.  A battery is an actual and intentional touching or striking of another person against that person's will or the intentional causing of bodily harm to another person.**

*While armed.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **was armed or armed [himself] [herself] within the [structure] [conveyance] with [explosives] [a dangerous weapon].**

*Definitions.  Give as applicable.  § 790.001(5), Fla. Stat.  See exceptions in § 790.001(5)(a)–(d), Fla. Stat.*
 **"Explosive" means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators.**

**A "dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.  It is not necessary for the State to prove that the defendant intended to use or was willing to use the weapon in furtherance of the burglary in order for a weapon to constitute a "dangerous weapon."**

**To "arm" oneself during the course of a burglary includes possessing a firearm, whether loaded with ammunition or not, at any time during the course of committing the burglary.**

*Structure or conveyance is a dwelling.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether the [structure] [conveyance] [entered] [remained in] was a dwelling.**

- 16 -

*Definition.  Give as applicable.*
**"Dwelling" means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.  For purposes of burglary, a "dwelling" includes an attached porch or attached garage.**

*Human being in structure or conveyance.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, there was another human being in the [structure] [conveyance], at the time [he] [she] [entered] [remained in] the [structure] [conveyance].**

*Offense intended is theft of a controlled substance.*
**If you find** (defendant) **guilty of burglary, you must also determine whether the State has proved beyond a reasonable doubt that the offense intended to be committed therein was theft of a controlled substance. Pursuant to Florida law,** (*name of controlled substance*) **is a controlled substance. A theft occurs when a person knowingly and unlawfully obtains or uses or endeavors to obtain or use the property of the victim and does so with the intent to, either temporarily or permanently, deprive the victim of his or her right to the property or any benefit from it or to appropriate the property of the victim to his or her own use or to the use of any person not entitled to it.**

*Traveling from county of residence into another county with intent to commit a burglary and with purpose to thwart law enforcement efforts to track stolen property. § 843.22, Fla. Stat.*
**If you find** (defendant) **guilty of [Burglary] [Attempted Burglary] [Solicitation to Commit Burglary] [Conspiracy to Commit Burglary], you must also determine whether the State proved beyond a reasonable doubt that:**

1. (Defendant) **had a county of residence within Florida; and**

2. (Defendant) **travelled any distance with the intent to commit a burglary in a county in Florida other than [his] [her] county of residence; and**

- 17 -

**3.     The purpose of** (defendant's) **travel was to thwart law enforcement attempts to track items stolen in the burglary.**

**"County of residence" means the county within this state in which a person resides.**

**Evidence of a person's county of residence includes, but is not limited to:**

**1.     The address on a person's driver license or state identification card;**

**2.     Records of real property or mobile home ownership;**

**3.     Records of a lease agreement for residential property;**

**4.     The county in which a person's motor vehicle is registered;**

**5.     The county in which a person is enrolled in an educational institution;**

**6.     The county in which a person is employed.**

*Dwelling or structure with use of motor vehicle or damage.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **entered a [dwelling] [structure] and**

1.     used a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the offense, and thereby damaged the [dwelling] [structure].

**or**

2.     caused damage to the [dwelling] [structure] [property within the [dwelling] [structure]], in excess of $1,000.

*Authorized emergency vehicle.*

**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether the conveyance [entered] [remained in] was an authorized emergency vehicle.**

*Definition.  See § 316.003, Fla. Stat.*
**An "authorized emergency vehicle" is a vehicle of the fire department (fire patrol), police vehicles, and such ambulances and emergency vehicles of municipal departments, public service corporations operated by private corporations, the Department of Environmental Protection, the Department of Health, the Department of Transportation, and the Department of Corrections as are designated or authorized by their respective department or the chief of police of an incorporated city or any sheriff of a county.**

*State of emergency.*
*The definitions of structure, dwelling, and conveyance are different for counties where a state of emergency has been declared under chapter 252.  See § 810.011(1), (2), and (3), Fla. Stat.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether**

1. **the burglary was committed within a county that was subject to a state of emergency that had been declared by the governor under chapter 252, the "State Emergency Management Act,"**

**and**

2. **the perpetration of the burglary was facilitated by conditions arising from the emergency.**

*Definition.*
**The term "conditions arising from the emergency" means civil unrest, power outages, curfews, voluntary or mandatory evacuations, or a reduction in the presence of or response time for first responders or homeland security personnel.**

*§ 810.011(4), Fla. Stat.*
**An act is committed "in the course of committing" if it occurs in the attempt to commit the offense or in flight after the attempt or commission.**

**Lesser Included Offenses**

| BURGLARY WITH ASSAULT OR BATTERY OR WHILE ARMED OR WITH USE OF MOTOR VEHICLE OR PROPERTY DAMAGE — 810.02(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Burglary | | 810.02(4) | 13.1 |
| | Aggravated battery | 784.045 | 8.4 |
| | Persons Engaged in Criminal Offense Having Firearm | 790.07(2) | 10.3 |
| | Battery | 784.03 | 8.3 |
| | Aggravated assault | 784.021 | 8.2 |
| | Persons Engaged in Criminal Offense Having Weapon | 790.07(1) | 10.3 |
| | Assault | 784.011 | 8.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Burglary | 810.02(3) | 13.1 |
| | Trespass | 810.08(2)(a) | 13.3 |
| | Trespass | 810.08(2)(b) | 13.3 |
| | Trespass | 810.08(2)(c) | 13.3 |
| | Criminal Mischief | 806.13 | 12.4 |

| BURGLARY OF DWELLING; BURGLARY OF STRUCTURE OR CONVEYANCE WITH HUMAN BEING INSIDE; BURGLARY OF AN AUTHORIZED EMERGENCY VEHICLE — 810.02(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Burglary | | 810.02(4) | 13.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Trespass | 810.08(2)(a) | 13.3 |
| | Trespass | 810.08(2)(b) | 13.3 |
| | Trespass | 810.08(2)(c) | 13.3 |

| BURGLARY — 810.02(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Trespass | 810.08(2)(a) | 13.3 |
| | Trespass | 810.08(2)(b) | 13.3 |
| | Trespass | 810.08(2)(c) | 13.3 |
| | Criminal Mischief | 806.13 | 12.4 |

## Comments

When the compounded offense of burglary with an assault or burglary with a battery is charged and the jury convicts on the lesser included offense of trespass, the jury can also consider a second conviction on the lesser included offenses of assault or battery depending on the crime charged. See *Gian-Grasso v. State*, 899 So. 2d 392 (Fla. 4th DCA 2005).

This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1997 [697 So.2d 84], 2003 [850 So.2d 1272], 2007 [962 So. 2d 310], 2008 [986 So. 2d 563], and 2013 [109 So. 3d 721], and 2015.

## 14.9  EXPLOITATION OF [AN ELDERLY PERSON]
## [A DISABLED ADULT]
§ 825.103, Fla. Stat.

**To prove the crime of Exploitation of [an Elderly Person] [Disabled Adult], the State must prove the following [three] [four] elements beyond a reasonable doubt:**

*Give as applicable.*
*~~Fla. Stat.~~ § 825.103(1)(a), Fla. Stat.*
1.      (Victim) **was [an elderly person] [a disabled adult].**

2.      (Defendant) **knowingly** ~~used deception or intimidation to~~ **[obtained or used] [endeavored to obtain or use]** (victim's) **[funds] [assets] [property].**

3.      (Defendant) **did so with the intent to**

   *Give as applicable.*
   a.      **temporarily or permanently deprive** (victim) **of the use, benefit, or possession of [his] [her] [funds] [assets] [property];**

   b.      **benefit someone other than** (victim)**.**

4.      **At the time,** (defendant) [**stood in a position of trust and confidence] [had a business relationship] with** (victim).

*~~Fla. Stat.~~ § 825.103(1)(b), Fla. Stat.*
1.      (Victim) **was [an elderly person] [a disabled adult].**

2.      (Defendant) **[obtained or used] [endeavored to obtain or use] [conspired with another to obtain or use]** (victim's) **[funds] [assets] [property].**

3.      (Defendant) **did so with the intent to**

   *Give as applicable.*

a. **temporarily or permanently deprive** (victim) **of the use, benefit, or possession of [his] [her] [funds] [assets] [property];**

b. **benefit someone other than** (victim)**.**

4. **At the time,** (defendant) **knew or reasonably should have known that** (victim) **lacked the capacity to consent.**

*Fla. Stat. § 825.103(1)(c), Fla. Stat.*
1. (Victim) **was [an elderly person] [a disabled adult].**

2. (Defendant) **was** (victim's) **[guardian] [trustee] [agent under a power of attorney].**

3. (Defendant) **breached a fiduciary duty to** (victim)**.**

4. **As a result, there was an unauthorized [appropriation] [sale] [transfer] of** (victim's) **property.**

*If § 825.103(1)(c), Fla. Stat. is charged, give as applicable.*
**A "trustee" must be an individual.**

**An "unauthorized appropriation" occurs when**
**a.** **the [elderly person] [disabled adult] does not receive the reasonably equivalent financial value in goods or services; or**

**b.** **the fiduciary, appointed as an agent under power of attorney to act on behalf of** (victim)**,**

　　**i.** **commits fraud in obtaining [his] [her] appointment; or**

　　**ii.** **abuses [his] [her] powers; or**

　　**iii.** **[wastes] [embezzles] [intentionally mismanages] the assets of the [principal] [beneficiary]; or**

　　**iv.** **acts contrary to the principal's sole [benefit] [best interest].**

**c.** **the fiduciary, appointed as a [guardian] [trustee] for** (victim)**,**

**i.** **commits fraud in obtaining [his] [her] appointment; or**

**ii.** **abuses [his] [her] powers; or**

**iii.** **[wastes] [embezzles] [intentionally mismanages] the assets of the [ward] [beneficiary of the trust].**

*§ 825.103(1)(d), Fla. Stat.*
**1.** (Victim) **was [an elderly person] [a disabled adult].**

**2.** (Defendant) **[misappropriated] [misused] [transferred without authorization] money belonging to** (victim) **from a [personal account] [joint account created with the intent that only** (victim) **enjoyed all rights, interests, and claims to moneys deposited in such account] [convenience account].**

**3.** (Victim) **placed the funds, owned the funds, and was the sole [contributor] [payee] of the funds before the [misappropriation] [misuse] [unauthorized transfer].**

*§ 825.103(1)(e), Fla. Stat.*
**1.** (Victim) **was [an elderly person] [a disabled adult].**

**2.** (Defendant) **[intentionally] [negligently] failed to effectively use** (victim's) **income and assets for the necessities required for** (victim's) **support and maintenance.**

**3.** **At the time,** (defendant) **was a [caregiver] [person who stood in a position of trust and confidence] with** (victim)**.**


*Give if applicable. Note: The statutory inference does not apply to persons in the business of making loans or to bona fide charitable donations to nonprofit organizations that qualify for tax exempt status under the Internal Revenue Code. § 825.103(2)(b), Fla. Stat.*
**You may, but are not required to, draw an inference of exploitation of** (victim)**, if you find the State has proved beyond a reasonable doubt that:**

**a.** (Victim) **was 65 years or older;**

**b.** (Defendant) **was a nonrelative of** (victim)**;**

**c.** (Victim)**, while still alive, transferred [money] [property] valued in excess of $10,000 in [a single transaction] [multiple transactions] to** (defendant)**;**

**d.** (Victim) **knew** (defendant) **for fewer than 2 years before the first transfer; and**

**e.** (Victim) **did not receive the reasonably equivalent financial value in [goods] [services].**

**You may not draw an inference of exploitation of** (victim) **if the transfer involved a valid loan, in writing, with definite repayment dates. However, you may draw an inference of exploitation of** (victim)**, even if the transfer involved a valid loan, in writing, with definite repayment dates, if the repayment of the loan was in default, in whole or in part, for more than 65 days.**

**If the transfer had no definite repayment dates in writing, you may draw an inference of exploitation of** (victim) **regardless of whether the transfer was denoted by the parties as a gift or a loan.**

*Give as applicable.*
**If you find** (defendant) **guilty of Exploitation of [an Elderly Person] [a Disabled Adult], you must then determine whether the State has proven beyond a reasonable doubt that:**

**a.** the [funds] [assets] [property] involved in the exploitation of the [elderly person] [disabled adult] [is] [are] valued at ~~$100,000~~$50,000 or more;

**b.** the [funds] [assets] [property] involved in the exploitation of the [elderly person] [disabled adult] [is] [are] valued at ~~$20,000~~$10,000 or more, but less than ~~$100,000~~ $50,000;

**c.** the [funds] [assets] [property] involved in the exploitation of the [elderly person] [disabled adult] [is] [are] valued at less than ~~$20,000~~$10,000.

- 25 -

*Definitions. Give as applicable.*
*Fla. Stat.* § 825.101(1)*, Fla. Stat.*
 **"Business relationship" means a relationship between two or more individuals or entities where there exists an oral or written contract or agreement for goods or services.**

*Fla. Stat. § 825.101(3).*
~~**"Deception" means:**~~
~~**a.** **Misrepresenting or concealing a material fact relating to:**~~
~~**1.** **Services rendered, disposition of property, or use of property, when such services or property are intended to benefit [an elderly person] [disabled adult];**~~

~~**2.** **Terms of a contract or agreement entered into with [an elderly person] [disabled adult]; or**~~

~~**3.** **An existing or preexisting condition of any property involved in a contract or agreement entered into with [an elderly person] [disabled adult]; or**~~

~~**b.** **Using any misrepresentation, false pretense, or false promise in order to induce, encourage, or solicit [an elderly person[ [disabled adult] to enter into a contract or agreement.**~~

*Fla. Stat.* § 825.101(4~~3~~)*, Fla. Stat.*
 **"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

*Fla. Stat.* § 825.101(5~~4~~)*, Fla. Stat.*
**"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired.**

*Fla. Stat.* § 825.101(6~~5~~)*, Fla. Stat.*
**"Endeavor" means to attempt or try.**

*Fla. Stat. § 825.101(8).*
~~"**Intimidation" means the communication by word or act to [an elderly person] [disabled adult] that the [elderly person] [disabled adult] will be deprived of food, nutrition, clothing, shelter, supervision, medicine, medical services, money, or financial support or will suffer physical violence.**~~

*Fla. Stat.* § 825.101(9~~7~~), *Fla. Stat.*
"**Lacks capacity to consent" means an impairment by reason of mental illness, developmental disability, organic brain disorder, physical illness or disability, chronic use of drugs, chronic intoxication, short-term memory loss, or other cause, that causes [an elderly person] [disabled adult] to lack sufficient understanding or capacity to make or communicate reasonable decisions concerning the [elderly person's] [disabled adult's] person or property.**

*Fla. Stat.* § 825.101(10~~8~~), *Fla. Stat.*
"**Obtains or uses" means any manner of:**

a.     **Taking or exercising control over property; or**

b.     **Making any use, disposition, or transfer of property.**

*Fla. Stat.* § 825.101(11~~9~~), *Fla. Stat.*
"**Position of trust and confidence" with respect to [an elderly person] [a disabled adult] means the position of a person who:**

a.     **Is a parent, spouse, adult child, or other relative by blood or marriage of the [elderly person] [disabled adult];**

b.     **Is a joint tenant or tenant in common with the [elderly person] [disabled adult];**

c.     **Has a legal or fiduciary relationship with the [elderly person] [disabled adult], including, but not limited to, a court-appointed or voluntary guardian, trustee, attorney, or conservator;**

d.     **Is a caregiver of the [elderly person] [disabled adult].**

e.     **Is any other person who has been entrusted with or has assumed responsibility for the use or management of the [elderly person's] [disabled adult's] [funds] [assets] [property].**

*Fla. Stat.* § 825.101(2)*, Fla. Stat.*
"Caregiver" means a person who has been entrusted with or has assumed responsibility for the care or the property of [an elderly person] [disabled adult]. "Caregiver" includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities.

*Fla. Stat.* § 825.101(~~7~~6)*, Fla. Stat.*
"Facility" means any location providing day or residential care or treatment for elderly persons or disabled adults. The term "facility" may include, but is not limited to, any hospital, training center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.

*Fla. Stat.* § 825.101(~~12~~10)*, Fla. Stat.*
"Property" means anything of value and includes:

a.    Real property, including things growing on, affixed to, and found in land.

b.    Tangible or intangible personal property, including rights, privileges, interests, and claims.

c.    Services.

*Fla. Stat.* § 825.101(~~13~~11)*, Fla. Stat.*
"Services" means anything of value resulting from a person's physical or mental labor or skill, or from the use, possession, or presence of property, and includes:

a.    Repairs or improvements to property.

b.    Professional services.

c.    Private, public, or governmental communication, transportation, power, water, or sanitation services.

d.    Lodging accommodations.

e.    **Admissions to places of exhibition or entertainment.**

*Fla. Stat. § 825.101(~~14~~12), Fla. Stat.*
**"Value" means value determined according to any of the following:**

1.    **The market value of the property at the time and place of the offense or, if the market value cannot be satisfactorily ascertained, the cost of replacing the property within a reasonable time after the offense.**

2.    **In the case of a written instrument such as a check, draft, or promissory note, which does not have a readily ascertainable market value, the value is the amount due or collectible. The value of any other instrument that creates, releases, discharges, or otherwise affects any valuable legal right, privilege, or obligation is the greatest amount of economic loss that the owner of the instrument might reasonably suffer by the loss of the instrument.**

3.    **The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner suffered by reason of losing advantage over those who do not know of or use the trade secret.**

*Fla. Stat. § 825.101(~~14~~12)(b), Fla. Stat.*
**If the value of the property cannot be ascertained, the ~~trier of fact~~ jury may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.**

*Fla. Stat. § 825.101(~~14~~12)(c), Fla. Stat.*
**Amounts of value of separate properties involved in exploitation committed pursuant to one scheme or course of conduct, whether the exploitation involves the same person or several persons, may be aggregated in determining the ~~degree of the offense~~total value of the [funds] [assets] [property] involved in the exploitation.**

*§ 655.80, Fla. Stat.*
**"Convenience Account" is a deposit account, other than a certificate of deposit, in the name of one individual (principal), in which one or more other individuals have been designated as agents with the right to make deposits to and to withdraw funds from or draw checks on such account. The designation**

**of agents, the substitution or removal of agents, or any other change in the contractual terms or provisions governing a convenience account may be made only by the principal. All rights, interests, and claims in, to, and in respect of, such deposits and convenience account and the additions thereto shall be those of the principal only.**

**Lesser Included Offense**

| EXPLOITATION OF [AN ELDERLY PERSON] [A DISABLED ADULT] — 825.103 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Petit theft – second degree, if § 825.103(1)(a) or (b) is charged | | 812.014(3)(a) | 14.1 |
| | Grand Theft, if § 825.103(1)(a) or (b) is charged | 812.014(2)(a)1. | 14.1 |
| | Grand Theft, if § 825.103(1)(a) or (b) is charged | 812.014(2)(b)1. | 14.1 |
| | Grand Theft, if § 825.103(1)(a) or (b) is charged | 812.014(2)(c) | 14.1 |
| | Petit Theft, if § 825.103(1)(a) or (b) is charged | 812.014(2)(e) | 14.1 |

**Comment**

This instruction was adopted in 2013 [131 So. 3d 755] and amended in 2015.

**20.15 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON 60 YEARS OF AGE OR OLDER]**
§ 817.568(6), Fla. Stat.

**To prove the crime of Fraudulent Use of Personal Identification Information of a [Minor] [Person 60 Years of Age or Older], the State must prove the following three elements beyond a reasonable doubt:**

- 30 -

1. (Defendant) **willfully and without authorization fraudulently used personal identification information concerning** (victim)**.**

2. (Victim) **was** ~~less~~ **[younger than 18 years of age] [60 years of age or older].**

3. (Defendant) **did so without first obtaining the consent of** (victim) **[or [his] [her] legal guardian].**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

*§ 817.568(1)(b), Fla. Stat.*
**Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*Enhanced penalty. Give if applicable. See § 817.568(5) and (10), Fla. Stat., which if alleged will require an interrogatory.*

**Lesser Included Offenses**

| FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON 60 YEARS OF AGE OR OLDER] – 817.568(6) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~ *Fraudulent Use of Personal Identification Information | | 817.568(2)(a) | 20.13 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

*The part of § 817.568(2)(a), Fla. Stat., that covers the defendant willfully and without authorization fraudulently using the victim's personal identification information is a necessary lesser included offense of this crime. However, the part of § 817.568(2)(a), Fla. Stat. that covers the defendant possessing personal identification information with intent to fraudulently use is not.

There are two possible enhanced penalties for this crime. See § 817.568(5) and § 817.568(10), Fla. Stat. If one of these enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2015.

**20.16 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON 60 YEARS OF AGE OR OLDER] BY A PARENT, ~~OR~~ GUARDIAN, OR PERSON WHO EXERCISED CUSTODIAL AUTHORITY**
§ 817.568(7), Fla. Stat.

**To prove the crime of Fraudulent Use of Personal Identification Information of a [Minor] [Person 60 Years of Age or Older] by a [Parent] [Guardian] [or] [Person who Exercised Custodial Authority], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **willfully and fraudulently used personal identification information concerning** (victim)**.**

2. (Victim) **was** ~~less~~ **[younger than 18 years of age] [60 years of age or older].**

3. (Defendant) **was [the parent of] [the legal guardian of] [exercised custodial authority over]** (victim) **at the time.**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*Enhanced penalty. Give if applicable. See § 817.568 (5) and (10), Fla. Stat., which if alleged will require an interrogatory.*

- 33 -

**Lesser Included Offenses**

| FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [MINOR] [PERSON 60 YEARS OF AGE OR OLDER] BY A [PARENT] [GUARDIAN] [PERSON WHO EXERCISED CUSTODIAL AUTHORITY] — 817.568(7) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Fraudulent Use of Personal Identification Information | 817.568(2)(a) | 20.13 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

There are two possible enhanced penalties for this crime. See § 817.568(5) and § 817.568(10), Fla. Stat. If one of these enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2015.

**20.21 FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [DISABLED ADULT] [PUBLIC SERVANT] [VETERAN] [FIRST RESPONDER] [STATE EMPLOYEE] [FEDERAL EMPLOYEE]**
§ 817.568(11), Fla. Stat.

**To prove the crime of Fraudulent Use of Personal Identification Information of a [Disabled Adult] [Public Servant] [Veteran] [First Responder] [State Employee] [Federal Employee], the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Defendant) **willfully and without authorization fraudulently used personal identification information concerning** (victim)**.**

**2.** (Victim) **was [a disabled adult] [a public servant] [a veteran] [a first responder] [a state employee] [a federal employee].**

**3.**     (Defendant) **did so without first obtaining consent of** (victim)**.**

*Definitions.*
**"Willfully" means intentionally, knowingly, and purposely.**

**"Fraudulently" means purposely or intentionally suppressing the truth or perpetrating a deception.**

*§ 817.568(1)(b), Fla. Stat.*
**"Authorization" means empowerment, permission, or competence to act.**

*§ 817.568(1)(f), Fla. Stat.*
**"Personal identification information" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, postal or electronic mail address, telephone number, social security number, date of birth, mother's maiden name, official state or United States issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer's identification number, Medicaid or food stamp account number, bank account number, credit or debit card number or personal identification number or code assigned to the holder of a debit card by the issuer to permit authorized use of such card, unique biometric data such as fingerprint, voice print, retina or iris image, or other unique physical representation, unique electronic identification number, address, or routing code, medical record, telecommunication identifying information or access device, or other number or information that can be used to access a person's financial resources.**

*Give as applicable.*
*§ 825.101(3), Fla. Stat.*
**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to a developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

*§ 838.014(6), Fla. Stat.*
**"Public servant" means (a) Any officer or employee of a state, county, municipal, or special district agency or entity;  (b) Any legislative or judicial officer or employee;  (c) Any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant,**

**or hearing officer while performing a governmental function; or (d) A candidate for election or appointment to any of the positions listed in this subsection, or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.**

*§ 1.01(14), Fla. Stat.*
**"Veteran" means a person who served in the active military, naval, or air service and who was discharged or released under honorable conditions only or who later received an upgraded discharge under honorable conditions, notwithstanding any action by the United States Department of Veterans Affairs on individuals discharged or released with other than honorable discharges.**

*§ 125.01045(2), Fla. Stat.*
**"First responder" means a law enforcement officer, a firefighter, or an emergency medical technician or paramedic who is employed by the state or a local government. [A volunteer law enforcement officer, firefighter, or emergency medical technician or paramedic engaged by the state or a local government is also considered a first responder of the state or local government for purposes of this section.]**

*§ 943.10(10), Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

*§ 633.102(9), Fla. Stat.*
**"Firefighter" means an individual who holds a current and valid Firefighter Certificate of Compliance or Special Certificate of Compliance issued by the Division of State Fire Marshal within the Department of Financial Services.**

*§ 401.23(17), Fla. Stat.*
**"Paramedic" means a person who is certified by the Department of Health to perform basic and advanced life support.**

**Lesser Included Offenses**

| FRAUDULENT USE OF PERSONAL IDENTIFICATION INFORMATION OF A [DISABLED ADULT] [PUBLIC SERVANT] [VETERAN] [FIRST RESPONDER] [STATE EMPLOYEE] [FEDERAL EMPLPOYEE] – 817.568(11) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| *Fraudulent Use of Personal Identification Information | | 817.568(2)(a) | 20.13 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

*The part of § 817.568(2)(a), Fla. Stat., that covers the defendant willfully and without authorization fraudulently using the victim's personal identification information is a necessary lesser included offense of this crime. However, the part of § 817.568(2)(a), Fla. Stat., that covers the defendant possessing personal identification information with intent to fraudulently use is not.

Both § 817.568(6), Fla. Stat., and § 817.568(11), Fla. Stat., criminalize Fraudulent Use of Personal Identification Information of a Person 60 Years of Age or Older. While both are second degree felonies, § 817.568(6), Fla. Stat., is listed in level 8 and § 817.568(11), Fla. Stat., is unlisted, which would make it a level 4, according to § 921.0023, Fla. Stat. If the State alleges that the defendant violated § 817.568(11), Fla. Stat., and that the victim was 60 years of age or older, the trial judge should instruct using the appropriate parts of Instruction 20.15.

There are two possible enhanced penalties for this crime. See § 817.568(5) and § 817.568(10), Fla. Stat. If one of these enhanced penalties is charged, a special instruction would be necessary in order for the jury to make the appropriate finding.

This instruction was adopted in 2015.

## 22.5 SETTING UP, PROMOTING, CONDUCTING A LOTTERY
§ 849.09(1)(a), Fla. Stat.

**To prove the crime of [Setting Up] [Promoting] [Conducting] a Lottery],
the State must prove beyond a reasonable doubt that:**

(Defendant) **[set up] [promoted] [conducted] a lottery for [money]
[anything of value].**

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery"** has three elements:  ~~is a game of chance in which smaller
sums of money or things of smaller value are risked for the chance of getting
money or property of greater value upon the happening of an uncertain event.
The three elements of a lottery are:~~ **(1) consideration — that is, a bet or thing
ventured; (2) a prize; and (3) the award or winning of the prize by lot or
chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or
staked by a participant on the outcome of a game, contest, or uncertain or
contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is
risked by a participant on the outcome of a game, contest, or uncertain or
contingent event, with the expectation of gaining or losing as a result, which
includes but is not limited to the time, inconvenience, and effort required to
attend or participate, at the expense of foregone alternatives and other
opportunities.**

**A "prize by lot or chance" is when the award or winning prize is
determined by a chance or uncertain or contingent event, the outcome of
which is not influenced or controlled by a participant's skill, such as by
drawing numbers, entries, cards, or by rolling dice.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla.
Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., § 849.0935, Fla. Stat., or in
§ 849.161, Fla. Stat., an appropriate instruction should be given.*

**Lesser Included Offenses**

| LOTTERY — 849.09(1)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Lottery | 849.09(1)(f) | |
| | Lottery | 849.09(1)(g) | 22.9 |
| | Lottery | 849.09(1)(h) | 22.10 |
| | Lottery | 849.09(1)(i) | |
| | Lottery | 849.09(1)(j) | |
| | Lottery | 849.09(1)(k) | 22.11 |
| | Playing at game of chance by lot | 849.11 | |
| | Gambling devices, etc. | 849.231 | |
| | Attempt | 777.04 | 5.1 |

**Comments**

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939)(holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2014 [143 So. 3d 893] and 2015.

**22.6 DISPOSING OF [MONEY], [PROPERTY] BY LOTTERY**
§ 849.09(1)(b), Fla. Stat.

**To prove the crime of Disposing of [Money] [Property] by Lottery, the State must prove the following two elements beyond a reasonable doubt:**

1.      (Defendant) **disposed of [money] [property].**

**2.    The [money] [property] was disposed of by means of a lottery.**

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
A "lottery" has three elements:  ~~is a game of chance in which smaller sums of money or things of smaller value are risked for the chance of getting money or property of greater value upon the happening of an uncertain event. The three elements of a lottery are:~~ (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.

A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.

A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.

A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.

~~It is not enough to show that the defendant merely sold lottery tickets or participated in the collection of ticket proceeds or the keeping of records, or participated in determining the winners.~~

~~For conviction it must be proved that the defendant had an interest in or control of the [money] [property] and [he] [she] caused it to be disposed of by a lottery conducted under [his] [her] authority, direction, or supervision. It is not necessary, however, that the State prove that the defendant performed all the acts incident to the lottery.~~

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., or § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

## Lesser Included Offenses

| LOTTERY — 849.09(1)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Lottery | 849.09(1)(f) | |
| | Lottery | 849.09(1)(g) | 22.9 |
| | Lottery | 849.09(1)(h) | 22.10 |
| | Lottery | 849.09(1)(i) | |
| | Lottery | 849.09(1)(j) | |
| | Lottery | 849.09(1)(k) | 22.11 |
| | Gambling devices, etc. | 849.231 | |
| | Attempt | 777.04 | 5.1 |

## Comments

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2015.

## 22.7 [CONDUCTING] [ADVERTISING] A LOTTERY DRAWING
§ 849.09(1)(c), Fla. Stat.

**To prove the crime of [Conducting] [Advertising] a Lottery Drawing, the State must prove the following ~~two elements~~ beyond a reasonable doubt:**

- 41 -

*Give a and/or b as applicable.*
1a.    ~~There was a lottery.~~ (Defendant) **conducted a lottery drawing.**

2b.    (Defendant) ~~conducted a drawing for the lottery~~ **advertised a lottery drawing [in a newspaper] [or] [by [a circular] [a poster] [a pamphlet] [radio] [telegraph] [telephone] [or otherwise]].**

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery"** **has three elements:** ~~is a game of chance in which smaller sums of money or things of smaller value are risked for the chance of getting money or property of greater value upon the happening of an uncertain event. The three elements of a lottery are:~~ **(1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

~~A "lottery drawing" is the selection of the winner by chance.~~

~~It is not essential for conviction that the defendant had any other interest or participation in the lottery.~~

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., ~~or~~ § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

**Lesser Included Offenses**

| LOTTERY — 849.09(1)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Lottery | 849.09(1)(f) | |
| | Lottery | 849.09(1)(g) | 22.9 |
| | Lottery | 849.09(1)(h) | 22.10 |
| | Lottery | 849.09(1)(i) | |
| | Lottery | 849.09(1)(j) | |
| | Lottery | 849.09(1)(k) | 22.11 |
| | Gambling devices, etc. | 849.231 | |
| | Attempt | 777.04 | 5.1 |

**Comments**

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2015.

**22.8 ASSISTING IN <u>SETTING UP, PROMOTING, OR CONDUCTING A</u> LOTTERY**
§ 849.09(1)(d), Fla._Stat.

**To prove the crime of Assisting in <u>Setting up, Promoting, or Conducting a</u> Lottery, the State must prove the following two elements beyond a reasonable doubt:**

1.    **There was a lottery set up, promoted, or conducted.**

*Give 2a or 2b as applicable.*
2.    **a**.    **[(Defendant) aided or assisted in setting up, promoting, or conducting the lottery by** (read from charge)**].**

    **b**.    **[(Defendant) was interested in or connected with the lottery by** (read from charge)**].**

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery"** <u>**has three elements:**</u> ~~is a game of chance in which smaller sums of money or things of smaller value are risked for the chance of getting money or property of greater value upon the happening of an uncertain event. The three elements of a lottery are:~~ **(1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

<u>**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**</u>

<u>**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**</u>

<u>**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of**</u>

**which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., or § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

**Lesser Included Offenses**

| LOTTERY — 849.09(1)(d) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Lottery | 849.09(1)(f) | |
| | Lottery | 849.09(1)(g) | 22.9 |
| | Lottery | 849.09(1)(h) | 22.10 |
| | Lottery | 849.09(1)(i) | |
| | Lottery | 849.09(1)(j) | |
| | Lottery | 849.09(1)(k) | 22.11 |
| | Playing at game of chance by lot | 849.11 | |
| | Gambling devices, etc. | 849.231 | |
| | Attempt | 777.04 | 5.1 |

**Comments**

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939)(holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2015.

**22.9 [~~SELLING~~SALE OF LOTTERY TICKETS] [OFFERING LOTTERY TICKETS FOR SALE] [TRANSMITTING LOTTERY TICKETS]**
§ 849.09(1)(g), Fla._Stat.

To prove the crime of [~~Selling~~Sale of Lottery Tickets] [Offering Lottery Tickets for Sale] [Transmitting Lottery Tickets], the State must prove ~~the following element~~ beyond a reasonable doubt that ~~the defendant~~:

(Defendant) [sold] [offered for sale] [~~sent from one place to another~~ transmitted, in person or by mail or ~~by hand of another person or~~ in some other way] a lottery ticket, coupon or share, or fractional part of a lottery ticket, coupon or share, representing an interest in a live lottery yet to be played or in a lottery that has already been played.

*Definitions.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
A "lottery" has three elements: ~~is a game of chance in which smaller sums of money or things of smaller value are risked for the chance of getting money or property of greater value upon the happening of an uncertain event. The three elements of a lottery are:~~ (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.

A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.

A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.

A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., or § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

A "lottery ticket, coupon, or share" is any paper, token, or thing that represents the right of the possessor to receive all or any part of a prize awarded or to be awarded in the operation of a lottery. It is not necessary that the rights of the holder be written or printed in plain language. It is sufficient if the ticket, coupon, share, or token, by any manner known to those familiar with a particular lottery being played, indicates or represents the rights of its owner or possessor.

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comments

See *Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2015.

### 22.10 POSSESSING A LOTTERY TICKET
§ 849.09(1)(h), Fla. Stat.

To prove the crime of Possessing a Lottery Ticket, the State must prove beyond a reasonable doubt that:

(Defendant) **had in [his] [her] possession a lottery ticket or a coupon, share, or token evidencing some interest in a** <u>live</u> **lottery yet to be played or in a lottery that has already been played.**

*Definitions.*
*Lottery.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*

A "lottery" has three elements: ~~is a game of chance in which smaller sums of money or things of smaller value are risked for the chance of getting money or property of greater value upon the happening of an uncertain event. The three elements of a lottery are:~~ (1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.

A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.

A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.

A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.

*Lottery ticket, coupon, or share.*
A "lottery ticket, coupon, or share" is any paper, token, or thing that represents the right of the possessor to receive all or any part of a prize awarded or to be awarded in the operation of a lottery. It is not necessary that the rights of the holder be written or printed in plain language. It is sufficient if the ticket, coupon, share, or token by any manner known to those familiar with a particular lottery being played indicates or represents the rights of its owner or possessor.

*~~Possession~~*
~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~

~~Possession may be actual or constructive. If a thing is in the hand of, or on the person, or in a bag or container in the hand of or on the person, or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person.~~

~~If a thing is in a place over which the person has control or in which the person has hidden or concealed it, it is in the constructive possession of that person.~~

~~Possession may be joint, that is, two or more persons may jointly have possession of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.~~

~~If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.~~

~~If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.~~

*Possession.*
**There are two types of possession: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the object and**

> **a.** **the object is in the hand of or on the person, or**

> **b.** **the object is in a container in the hand of or on the person, or**

> **c.** **the object is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.**

*Give if applicable.*
**Mere proximity to an object is not sufficient to establish control over that object when the object is in a place that the person does not control.**

*Give if applicable.*
**In order to establish constructive possession of an object that was in a place** (defendant) **did not control, the State must prove** (defendant) **(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself.**

*Joint possession.*
**Possession may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

**a.** **had direct physical custody of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] or**

**b.** **was within ready reach of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] and the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was under [his] [her] control, or**

**c.** **had exclusive control of the place where the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was located,**

**you may infer that [he] [she] was aware of the presence of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] and had the ability to control [it] [them].**

**If** (defendant) **did not have exclusive control over the place where the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was located, you may not infer [he] [[she] had knowledge of the presence of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] or the ability to control [it] [them], in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] and had the ability to control [it] [them] if [he] [she] had joint control over the place where the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was located, and the [lottery ticket] [coupon, share, or token evidencing some interest in a lottery] was located in a common area in plain view and in the presence of the defendant.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., or § 849.0935, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comments

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2015.

### 22.11 POSSESSING RUNDOWN SHEETS, ETC.
§ 849.09(1)(k), Fla. Stat.

**To prove the crime of Possessing** (read from charge) **[Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia], the State must prove the following two elements beyond a reasonable doubt:**

1.	(Defendant) **had in [his] [her] possession** ~~(read from charge)~~ **[Run Down Sheets] [Tally Sheets] [or] [Other Papers, Records, Instruments, or Paraphernalia].**

2.	**These articles were designed for use, directly or indirectly, in gambling or in the conduct of a lottery.**

*Definitions.*
*Gambling.*
**"Gambling" is a game of chance in which the participant risks money or property on the outcome with the expectation of gaining or losing as a result of the game.**

*Lottery.*
*Little River Theatre Corp. v. State, 185 So. 855 (Fla. 1939).*
**A "lottery"** **has three elements:** ~~is a game of chance in which smaller sums of money or things of smaller value are risked for the chance of getting money or property of greater value upon the happening of an uncertain event. The three elements of a lottery are:~~ **(1) consideration — that is, a bet or thing ventured; (2) a prize; and (3) the award or winning of the prize by lot or chance.**

**A "bet" is when money or other property is risked, pledged, wagered, or staked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result.**

**A "thing ventured" is when something other than money or property is risked by a participant on the outcome of a game, contest, or uncertain or contingent event, with the expectation of gaining or losing as a result, which includes but is not limited to the time, inconvenience, and effort required to attend or participate, at the expense of foregone alternatives and other opportunities.**

**A "prize by lot or chance" is when the award or winning prize is determined by a chance or uncertain or contingent event, the outcome of which is not influenced or controlled by a participant's skill, such as by drawing numbers, entries, cards, or by rolling dice.**

*Possession*

~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~

~~Possession may be actual or constructive. If a thing is in the hand of or on the person, or in a bag or container in the hand of or on the person, or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person.~~

~~If a thing is in a place over which the person has control or in which the person has hidden or concealed it, it is in the constructive possession of that person.~~

~~Possession may be joint, that is, two or more persons may jointly have possession of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.~~

~~If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.~~

~~If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.~~

*Possession.*
**There are two types of possession: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the object and**
**a.** **the object is in the hand of or on the person, or**

**b.** **the object is in a container in the hand of or on the person, or**

**c.** **the object is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.**

*Give if applicable.*
**Mere proximity to an object is not sufficient to establish control over that object when the object is in a place that the person does not control.**

*Give if applicable.*
**In order to establish constructive possession of an object that was in a place** (defendant) **did not control, the State must prove** (defendant) **(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself.**

*Joint possession.*
**Possession may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

**a.** **had direct physical custody of the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia], or**

**b.** **was within ready reach of the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] and the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were under [his] [her] control, or**

**c.** **had exclusive control of the place where the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were located,**

**you may infer that [he] [she] was aware of the presence of the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] and had the ability to control them.**

**If** (defendant) **did not have exclusive control over the place where the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were located, you may not infer [he] [[she] had knowledge of**

**the presence of the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] or the ability to control them, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the[run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia]] and had the ability to control them if [he] [she] had joint control over the place where the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were located, and the [run down sheets] [tally sheets] [or] [other papers, records, instruments, or paraphernalia] were located in a common area in plain view and in the presence of the defendant.**

*If there is evidence of an exception referred to at the end of § 849.09(1), Fla. Stat., in § 849.092, Fla. Stat., § 849.0931, Fla. Stat., or § 849.093 5, Fla. Stat., or in § 849.161, Fla. Stat., an appropriate instruction should be given.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

*See Blackburn v. Ippolito*, 156 So. 2d 550, 553 (Fla. 2d DCA 1963) ("[T]hings other than money can constitute a sufficient consideration, moving from the participants in such scheme to the operators without any cash outlay being made.") citing to *Dorman v. Publix-Saenger-Sparks Theatres*, 184 So. 886 (Fla. 1938) ("The consideration required to support a simple contract need not be money or anything having a monetary value, but any consist of either a benefit to the promisor or a detriment to the promisee.") and *Little River Theatre Corp. v. State*, 185 So. 855 (Fla. 1939) (holding that increased attendance and receipts at a theater offering a "bank night" drawing satisfied the element of consideration, even though persons could participate in the drawing without purchasing a ticket).

This instruction was adopted in 1981 and amended in 2015.

~~**23.8 SELLING A MINOR INTO PROSTITUTION BY A [PARENT] [LEGAL GUARDIAN] [PERSON WITH CONTROL OF THE MINOR]**~~
~~§ 796.035, Fla. Stat.~~

~~**To prove the crime of Selling a Minor Into Prostitution By a [Parent] [Legal Guardian] [Person With Control of the Minor], the State must prove the following four elements beyond a reasonable doubt:**~~

~~1.    (Defendant) **[was a [parent] [legal guardian]] [had custody or control] of** (victim)**.**~~

~~2.    (Defendant) **[sold or otherwise transferred custody or control of** (victim)**] [offered to sell or offered to otherwise transfer custody of** (victim)**].**~~

~~3.    (Defendant) **did so [knowing] [in reckless disregard of the fact] that as a consequence of the [sale] [transfer],** (victim) **will engage in prostitution.**~~

~~4.    **At the time,** (victim) **was under the age of 18 years**.~~

~~*Definition.*~~
~~**"Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.**~~

~~**Lesser Included Offenses**~~

~~No lesser included offenses have been identified for this offense.~~

~~**Comment**~~

~~This instruction was adopted in 2013.~~


## 29.24 HUMAN TRAFFICKING
§ 787.06(3), Fla. Stat.

**To prove the crime of Human Trafficking, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **knowingly, or in reckless disregard of the facts, [engaged in] [attempted to engage in] [benefited financially by receiving something of value from** ~~a~~**participation in a venture that subjected a person to] human trafficking.**

*Give as applicable*
2.  ~~(Defendant)~~ **did so [knowing] [in reckless disregard of the fact] that a person would be subject to human trafficking.**

*§ 787.06(3)(a)1, Fla. Stat.*
**The human trafficking was for the labor or services of a child.**

*§ 787.06(3)(a)2, Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for the labor or services of an adult.**

*§ 787.06(3)(b), Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for commercial sexual activity of an adult.**

*§ 787.06(3)(c)1, Fla. Stat.*
**The human trafficking was for the labor or services of a child who was an unauthorized alien.**

*§ 787.06(3)(c)2, Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for the labor or services of an adult who was an unauthorized alien.**

*§ 787.06(3)(d), Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for commercial sexual activity of an adult who was an unauthorized alien.**

*§ 787.06(3)(e)1, Fla. Stat.*
**The human trafficking was for the labor or services of a child by the transfer or transport of the child from outside Florida to within this state.**

*§ 787.06(3)(e)2, Fla. Stat.*

**The human trafficking involved** (defendant's) **use of coercion for the labor or services of an adult by the transfer or transport of the adult from outside Florida to within this state.**

*§ 787.06(3)(f)1, Fla. Stat.*
**The human trafficking was for commercial sexual activity of a child by the transfer or transport of the child from outside Florida to within this state.**

*§ 787.06(3)(f)2, Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for commercial sexual activity of an adult by the transfer or transport of the adult from outside Florida to within this state.**

*§ 787.06(3)(g), Fla. Stat.*
**The human trafficking was for commercial sexual activity in which a [child] [person who is mentally defective or mentally incapacitated] was involved.**

*Definitions.*
*Give in all cases.*
*§ 787.06(2)(d), Fla. Stat.*
**"Human trafficking" means [transporting] [soliciting] [recruiting] [harboring] [providing] [enticing] [maintaining] [or] [obtaining] another person for the purpose of exploitation of that person. through:**
~~a.      [coercion for labor or services].~~

~~b.      [coercion for commercial sexual activity].~~

~~c.      [coercion for labor or services of any individual who is an unauthorized alien].~~

~~d.      [coercion for commercial sexual activity of any individual who is an unauthorized alien].~~

~~e.      [coercion for labor or services who does so by the transfer or transport of any individual from outside Florida to within Florida].~~

**f.** ~~[coercion for commercial sexual activity who does so by the transfer or transport of any individual from outside Florida to within Florida].~~

*Give ~~in all cases,~~ as applicable.*
**"Child" means a person under the age of 18.**

**"Adult" means a person 18 years of age or older.**

<u>*Give if applicable.*</u>
*§ 787.06(2)(a), Fla. Stat.*
**"Coercion" means:**

1.     **Using or threatening to use physical force against any person;**

     **Restraining, isolating, or confining or threatening to restrain, isolate, or confine any person without lawful authority and against her or his will;**

3.     **Using lending or other credit methods to establish a debt by any person when labor or services are pledged as a security for the debt, if the value of the labor or services as reasonably assessed is not applied toward the liquidation of the debt, the length and nature of the labor or services are not respectively limited and defined;**

4.     **Destroying, concealing, removing, confiscating, withholding, or possessing any actual or purported passport, visa, or other immigration document, or any other actual or purported government identification document, of any person;**

5.     **Causing or threatening to cause financial harm to any person;**

6.     **Enticing or luring any person by fraud or deceit; or**

7.     **Providing a controlled substance as outlined in Schedule [I] [II] of Florida Statute 893.03 to any person for the purpose of exploitation of that person.**~~:~~
     ~~a.    [using coercion for labor or services].~~

   b. ~~[using coercion for commercial sexual activity].~~

   c. ~~[using coercion for labor or services of any individual who is an unauthorized alien].~~

   d. ~~[using coercion for commercial sexual activity of any individual who is an unauthorized alien].~~

   e. ~~[using coercion for labor or services who does so by the transfer or transport of any individual from outside Florida to within Florida].~~

   f. ~~[using coercion for commercial sexual activity who does so by the transfer or transport of any individual from outside Florida to within Florida].~~

(Name of controlled substance) **is a Schedule [I] [II] drug within Florida Statute 893.03.**

*Give as applicable.*
*§ 787.06(2)(b), Fla. Stat.*
**"Commercial sexual activity" means:**

   a. (name of chapter 796 crime)**.** (Name of chapter 796 crime) **is defined as** (*insert definition of Chapter 796 crime*).

   b. **an attempt to commit** (name of chapter 796 crime)**. An attempt to commit** (name of chapter 796 crime) **is defined as** (*insert definition of attempt in Instruction 5.1 and then define the Chapter 796 crime*).

   c. **sexually explicit performances. "Sexually explicit performance" means an act or show, whether public or private, that is live, photographed, recorded, or videotaped and intended to arouse or satisfy the sexual desires or appeal to the prurient interest.**

   d. **the production of pornography.**

*§ 787.06(2)(c), Fla. Stat. Insert definition of loan sharking from §687.071 Fla. Stat. Insert explanation of the statute of frauds from §725.01 Fla. Stat.*

**"Financial harm" includes [extortionate extension of credit] [loan sharking] [employment contracts that violate the statute of frauds].**

*§ 787.06(2)(e), Fla. Stat.*
**"Labor" means work of economic or financial value.**

*§ 787.06(2)(f), Fla. Stat.*
**"Maintain" means in relation to labor or services, to secure or make possible continued performance thereof, regardless of any initial agreement on the part of a victim to perform such type service.**

*§ 787.06(2)(g), Fla. Stat.*
**"Obtain" means, in relation to labor or services, to secure performance thereof.**

*§ 787.06(2)(h), Fla. Stat.*
**"Services" means any act committed at the behest of, under the supervision of, or for the benefit of another. [The term includes, but is not limited to [forced marriage] [servitude] [the removal of organs].]**

*§ 787.06(2)(j), Fla. Stat. See 8 U.S.C. s. 1324a(h)(3).*
**"Unauthorized alien" means an alien who is not authorized under federal law to be employed in the United States.**

*§ 787.06(2)(k), Fla. Stat.*
**"Venture" means any group of two or more individuals associated in fact, whether or not a legal entity.**

*§ 787.06(3)(g), 794.011(1), Fla. Stat.*
**"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.**

**"Mentally defective" means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.**

*Enhanced penalty. § 787.06(3)(g) and (h), Fla. Stat. Give if applicable but only in cases where the exploitation involves commercial sexual activity.*
~~**If you find the defendant guilty of Human Trafficking Involving Commercial Sexual Activity, you must then determine whether the State has proven beyond a reasonable doubt that: a person under the age of [15] [18] was involved.**~~

*Enhanced penalty. § 787.06(3)(g) and (h), Fla. Stat. Give if applicable.*
~~**If the defendant had a reasonable opportunity to observe** (victim)**, the State does not need to prove that the defendant knew that** (victim) **had not attained the age of [15][18] years.**~~

*Give if requested. § 787.06(8), Fla. Stat.*
**The defendant's ignorance of the victim's age, the victim's misrepresentation of his or her age, or the defendant's bona fide belief of the victim's age is not a defense to the crime charged.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

A conviction under § 787.06(3)(f)1, Fla. Stat., (human trafficking via commercial sexual activity of a child by transport or transfer into Florida) is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. However, a conviction under 787.06(3)(g) (human trafficking via commercial sexual activity where a child was involved but without a finding that the child was transported from outside the state) is a life felony.

This instruction was adopted in 2013 [131 So. 3d 692] and amended in 2015.

## 29.25 HUMAN TRAFFICKING BY A [PARENT] [LEGAL GUARDIAN] [PERSON WITH CUSTODY OR CONTROL] OF A MINOR
§ 787.06(4), Fla. Stat.

**To prove the crime of Human Trafficking By a [Parent] [Legal Guardian] [Person With Custody or Control] of a Minor, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **[was a parent] [was a legal guardian] [had custody or control] of** (victim)**.**

2. (Defendant) **[sold or otherwise transferred custody or control of** (victim)**] [offered to sell or offered to otherwise transfer custody of** (victim)**].**

3. (Defendant) **did so [knowing] [or] [in reckless disregard of the fact] that as a consequence of the sale or transfer,** (victim) **would be subjected to human trafficking.**

4. **At the time,** (victim) **was under the age of 18 years**.

*Definitions.*
*Give in all cases.*
*§ 787.06(2)(d), Fla. Stat.*
   **"Human trafficking" means [transporting] [soliciting] [recruiting] [harboring] [providing] [enticing] [maintaining] [or] [obtaining] another person for the purpose of exploitation of that person.** ~~through:~~
   ~~a.    [coercion for labor or services].~~

   ~~b.    [coercion for commercial sexual activity].~~

   ~~c.    [coercion for labor or services of any individual who is an unauthorized alien].~~

   ~~d.    [coercion for commercial sexual activity of any individual who is an unauthorized alien].~~

   ~~e.    [coercion for labor or services who does so by the transfer or transport of any individual from outside Florida to within Florida].~~

   ~~f.    [coercion for commercial sexual activity who does so by the transfer or transport of any individual from outside Florida to within Florida].~~

*Give in all cases, as applicable.*
~~*§ 787.06(2)(a), Fla. Stat.*~~

~~"Coercion" means:~~
~~1.    Using or threatening to use physical force against any person;~~

~~Restraining, isolating, or confining or threatening to restrain, isolate,or confine any person without lawful authority and against her or his will;~~

~~Using lending or other credit methods to establish a debt by any person when labor or services are pledged as a security for the debt, if the value of the labor or services as reasonably assessed is not applied toward the liquidation of the debt, the length and nature of the labor or services are not respectively limited and defined;~~

~~Destroying, concealing, removing, confiscating, withholding, or possessing any actual or purported passport, visa, or other immigration document, or any other actual or purported government identification document, of any person;~~

~~Causing or threatening to cause financial harm to any person;~~

~~Enticing or luring any person by fraud or deceit; or~~

~~Providing a controlled substance as outlined in Schedule [I] [II] of Florida Statute 893.03 to any person for the purpose of:~~
~~a.    [using coercion for labor or services].~~

~~b.    [using coercion for commercial sexual activity].~~

~~c.    [using coercion for labor or services of any individual who is an unauthorized alien].~~

~~d.    [using coercion for commercial sexual activity of any individual who is an unauthorized alien].~~

~~e.    [using coercion for labor or services who does so by the transfer or transport of any individual from outside Florida to within Florida].~~

f.      [using coercion for commercial sexual activity who does so by the transfer or transport of any individual from outside Florida to within Florida].

(Name of controlled substance) is a Schedule [I] [II] drug within Florida Statute 893.03.

*Give as applicable.*
*§ 787.06(2)(b), Fla. Stat.*
**"Commercial sexual activity" means:**
**a.**      (name of chapter 796 crime)**.** (Name of chapter 796 crime) **is defined as** *(insert definition of Chapter 796 crime).*

**b.**      **an attempt to commit** (name of chapter 796 crime)**. An attempt to commit** (name of chapter 796 crime) **is defined as** *(insert definition of attempt in Instruction 5.1 and then define the Chapter 796 crime).*

**c.**      **sexually explicit performances. "Sexually explicit performance" means an act or show, whether public or private, that is live, photographed, recorded, or videotaped and intended to arouse or satisfy the sexual desires or appeal to the prurient interest.**

**d.**      **the production of pornography.**

*§ 787.06(2)(c), Fla. Stat. Insert definition of loan sharking from § 687.071, Fla. Stat. Insert explanation of the statute of frauds from § 725.01, Fla. Stat.*
**"Financial harm" includes [extortionate extension of credit] [loan sharking] [employment contracts that violate the statute of frauds].**

*§ 787.06(2)(e), Fla. Stat.*
**"Labor" means work of economic or financial value.**

*§ 787.06(2)(f), Fla. Stat.*
**"Maintain" means in relation to labor or services, to secure or make possible continued performance thereof, regardless of any initial agreement on the part of a victim to perform such type service.**

*§ 787.06(2)(g), Fla. Stat.*
**"Obtain" means, in relation to labor or services, to secure performance thereof.**

*§ 787.06(2)(h), Fla. Stat.*
**"Services" means any act committed at the behest of, under the supervision of, or for the benefit of another. [The term includes, but is not limited to [forced marriage] [servitude] [the removal of organs].]**

*§ 787.06(2)(j), Fla. Stat. See 8 U.S.C. s. 1324a(h)(3).*
**"Unauthorized alien" means an alien who is not authorized under federal law to be employed in the United States.**

*Enhanced penalty. § 787.06(3)(h), Fla. Stat. Give if applicable but only in cases where the exploitation involves commercial sexual activity.*
**If you find the defendant guilty of Human Trafficking Involving Commercial Sexual Activity, you must then determine whether the State has proven beyond a reasonable doubt that the minor was under the age of 15.**

*§ 787.06(3)(g) and (h), Fla. Stat. Give if applicable but only in cases where the exploitation involves commercial sexual activity.*
**If the defendant had a reasonable opportunity to observe** (victim), **the State does not need to prove that the defendant knew that** (victim) **had not attained the age of [15] [or] [18] years.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2013 [131 So. 3d 692] and amended in 2015.